UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JUN 29 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

FRANK L. HINTON, #26366-083,

    Petitioner,

v.                           CIVIL ACTION NO. 2:09cv90

THE UNITED STATES DISTRICT COURT
NORFOLK, VA, et al.,

    Respondents.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the reasons set forth herein, the Court recommends that the Court exercise its authority under 28 U.S.C. § 1631 to TRANSFER this petition for writ of habeas corpus to the United States District Court for the Northern District of West Virginia, it appearing that jurisdiction would properly lie in that court.

**I.   STATEMENT OF THE CASE**

**A. Background**

Petitioner, Frank L. Hinton ("Hinton"), was convicted in the United States District Court for the Eastern District of Virginia, Norfolk Division. On February 14, 1995, United States District

Judge Raymond Jackson sentenced Hinton to a prison term of 100 months after pleading guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). 18 U.S.C. § 924(a)(2) provides a maximum penalty of ten years in prison for the crime in question – that is, more than Hinton's 100 months.

On February 26, 2009, Hinton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is unclear at which incarceration center Hinton was imprisoned at that time. On April 2, 2009, however, Hinton filed a notice of address change, indicating that he is presently incarcerated at the United States Penitentiary - Hazelton ("Hazelton"), in Bruceton Mills, West Virginia.

As the petition was not accompanied by the required filing fee or a request to proceed in forma pauperis, the Court requested Hinton's inmate account information from Hazelton to ascertain whether petitioner should be required to pay a filing fee.

On March 12, 2009, the Court received and filed four motions by Hinton: two petitions for writ of habeas corpus, one petition for a writ of ad prosequendum, and one motion for a bond hearing. These motions were filed on Hinton's trial docket, Criminal Action No. 2:94cr106. The Court DIRECTS the Clerk to file these four motions (Doc. Nos. 65-68) in the instant case, Civil Action No. 2:09cv90.

On May 5, 2009, the Court entered an order granting Hinton the ability to proceed in forma pauperis. The order also directed Hinton to file, within thirty (30) days of entry of the order, an original and two (2) copies of the petition on the correct forms. A copy of this order was mailed to Hinton at Hazelton. On June 4, 2009, the Court filed Hinton's amended petition, which was received with two (2) copies.

### B. Grounds Alleged

It appears that Hinton asserts in this Court that he is entitled to relief because Judge Jackson misapplied the United States Sentencing Guidelines and Sentencing Reform Act of 1984 when he imposed the 100 month prison term upon Hinton and that Hinton has already served the 100 month prison term.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

As an initial matter, the Court must determine how to characterize Hinton's motions, as venue for § 2241 and § 2255 petitions differs. Section 2241 cases must be filed in the district where the custodian of the petitioner is located. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Section 2255 cases must be filed in the court which imposes the sentence. 28 U.S.C. § 2255. The case is currently characterized as a 28 U.S.C. § 2241 petition on the docket.

Hinton originally filed a petition for writ of habeas corpus in this Court on February 26, 2009. The Court received four

additional motions on March 12, 2009, as noted above. One of those motions, Docket No. 68 in the 2:94cr106 case, is nearly identical to the petition filed on February 26, 2009. That petition is rambling, and it is difficult to make out what arguments Hinton presents in it. It appears, however, that Hinton is arguing that Judge Jackson misapplied the United States Sentencing Guidelines when he sentenced Hinton. Generally, such an argument does not support § 2255 relief, but may support such relief given extraordinary circumstances, such as when a sentence exceeds a statutory maximum. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Hinton argues that he believed he would receive twenty-four months incarceration by entering a guilty plea, and that Judge Jackson's sentence of 100 was excessive. However, 18 U.S.C. § 924(a)(2) provides a maximum penalty of ten years in prison for the crime in question – that is, more than Hinton's 100 months. It therefore appears unlikely the Hinton's petition is cognizable as a § 2255 claim. While § 2255 is ordinarily the appropriate way to challenge a federal conviction or sentence, § 2241 jurisdiction exists when § 2255 provides no adequate remedy. Id. at 284 n.6 Therefore, Hinton's petition should be characterized as a § 2241 petition.

The Court also received three other motions from Hinton on March 12, 2009. They include a motion for a bond hearing, a petition for a writ of ad prosequendum, and another petition for

writ of habeas corpus. It appears that these three motions all argue that Hinton has already served the 100 month sentence and that he should therefore be released. Challenges to the execution of a sentence are properly § 2241 petitions. See Miller, 871 F.2d at 490. Therefore, these three motions should be characterized as a part of a claim under § 2241.

When Hinton was transferred to Hazelton, the warden of that facility gained custody of Hinton. The proper respondent in a 28 U.S.C. § 2241 case is the warden of the institution that exercises custody over the petitioner at the time the petition is filed. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Accordingly, the Court ORDERS that the petition be deemed amended to substitute Warden, United States Penitentiary - Hazelton, as Respondent, in place of Respondents The United States District Court Norfolk, VA and The United Marhsall's Service - Richmond, VA.

Because service of process cannot be made on the Warden of Hazelton within the Eastern District of Virginia, the Court does not have personal jurisdiction over him. Bowers v. United States Parole Commission, 746 F.Supp. 617, 619 (E.D. Va. 1990). See Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-14 (D.C. Cir. 1988). This Court cannot consider a petition for writ of habeas corpus unless it enjoys personal jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973),

5

Schlanger v. Seamans, 401 U.S. 487, 491 (1971). Accordingly, this Court may not entertain Hinton's petition.

Rather than dismiss Hinton's petition without prejudice, so that he might file it in the appropriate district, it is recommended that the Court exercise its authority under 28 U.S.C. § 1631 to transfer the petition. Section 1631 provides that a court lacking jurisdiction may transfer an action to a court with jurisdiction, where such a transfer would be in the interests of justice. The Court notes that as an incarcerated pro se litigant, Hinton would face significant burdens, including the costs associated with producing and mailing copies of his petition, were he forced to re-file his petition in another District.

### III. RECOMMENDATION

As it appears that this Court cannot exercise personal jurisdiction over Hinton's custodian, and that it would serve the interests of justice, it recommends that the Court exercise its authority under 28 U.S.C. § 1631 to TRANSFER this petition for writ of habeas corpus to the United States District Court for the Northern District of West Virginia, it appearing that jurisdiction would properly lie in that court.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. (1984).

_/s/ [signature]_
United States Magistrate Judge

Norfolk, Virginia
June 29, 2009